**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4703**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUES DQUAN NICHOLS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:12-cr-00294-TDS-1)

Submitted: April 17, 2018                     Decided: April 19, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marques Dquan Nichols appeals the district court's judgment revoking his supervised release and imposing a prison term of 24 months less 4 days. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the reasonableness of Nichols' sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court sufficiently explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *see also United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *Thompson*, 595 F.3d at 546-47. "And a revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted).

We conclude that the district court's explanation of Nichols' above-policy-statement-range sentence, in discussing the need for deterrence and public safety in light

of Nichols' drug use and repeated noncompliance with the terms of his supervised release, easily satisfies this standard. Furthermore, we conclude that an upward variance of 6 months from the top of the applicable policy statement range is not unreasonable. *See, e.g.*, *United States v. Diosdado-Star*, 630 F.3d 359, 362, 367 (4th Cir. 2011).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Nichols, in writing, of the right to petition the Supreme Court of the United States for further review. If Nichols requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nichols.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*